

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Lon Alsup, Executive Secretary-Director
State Commission for the Blind
Land Office Building
Austin, Texas

Dear Mr. Alsup:

Opinion No. O-5760
Re: May the management of a
hotel designate the spe-
cific elevator which a
blind person and his "See-
ing-Eye" dog must use
when such blind person is
admitted to a hotel?
Can a coffee shop
owned by the hotel refuse
admittance to the "Seeing-
Eye" dog when it accom-
panies the blind person?

Your letter of December 11, 1943 has been given
our careful consideration. In this letter you ask our
advice on the two following questions:

"1. Please advise this department whether
the management of a hotel may designate the
specific elevator which a blind person and his
guide dog must use when such blind person and
his Seeing Eye dog are admitted to a hotel.

"2. Also advise this department whether a
blind person with a Seeing Eye dog may be
denied admission to a coffee shop in a hotel
if said coffee shop is under the management of
the hotel and is under the same roof as the
hotel."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

The statute governing the above questions is House Bill No. 187 passed by the Regular Session of the Fortieth Legislature, said act is a penal statute and must, therefore, be construed strictly. The pertinent provision of said statute is Section 2 thereof which reads as follows:

"Blind persons and their 'Seeing-Eye' dogs shall not be denied admittance to any hotel, tourist cabin, public inn, or any other similar place because of such 'Seeing-Eye' dog."

Under the plain language of the above statute, it is our opinion a hotel cannot refuse admission to blind persons and their "Seeing-Eye" dog simply or only because they are accompanied by said dog. The admission to the hotel necessarily implies that such blind persons so accompanied by their dogs will have all of the privileges and rights of any and all other persons admitted to the hotel. The blind persons are also entitled to use the same elevator or elevators that the other patrons of the hotel use and they cannot be forced to use a separate and distinct elevator from that used by the other patrons.

Your first question is therefore answered in the negative.

If, as you state, the coffee shop is a part of the hotel and under the same management and is as a matter of fact a part and parcel of the hotel, then for the reasons stated in answer to question one above the management of the hotel would not be justified in refusing the blind person and his dog admittance to the coffee shop.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Geo. W. Barcus
Assistant

APPROVED JAN 10, 1944

ATTORNEY GENERAL

GWB:JCP

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN